IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MICHAEL DAVID RICHARDSON                                    PLAINTIFF

VS.                                    CIVIL ACTION NO. 5:06CV101-DCB-MTP

A. CHAMBERS, et al.                                    DEFENDANTS

**FINDINGS OF FACT AND CONCLUSIONS OF LAW RECOMMENDING DENIAL OF
MOTION FOR A TEMPORARY RESTRAINING ORDER**

THIS MATTER is before the court on plaintiff's Motion for Temporary Restraining Order [9] filed August 16, 2006, and the court having considered the motion recommends that the motion be DENIED.

The plaintiff, a Federal Bureau of Prisons ("BOP") inmate, was formerly housed in the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"), and in September of 2005 was transferred to the Florida Department of Corrections ("DOC") pursuant to an Intergovernmental Agreement. Response [34] Exhibit 2.  The motion requests the court to order that the plaintiff be returned to a BOP institution and not be transferred to any other correctional system. Motion [9] at 5-6.

Plaintiff filed this civil rights action alleging violations of his constitutional rights and named ten (10) BOP employees as defendants.   Plaintiff has captioned his motion with Dr. Chambers, the BOP, and the Director of the BOP as the respondents.[1]  Plaintiff, a Jewish

---

[1]Presently the United States Attorney's Office in the Southern District of Mississippi and the Attorney General's Office have not been served with process in accordance with Federal Rule of Civil

prisoner, contends that he "no longer has access to a Kosher diet" because the Florida DOC

"does not provide Kosher meals" and does not properly provide for his religious needs. Motion

[9] at 2.  He further argues that he should not have been transferred from BOP custody due to his

medical condition and that he can no longer participate in the BOP's Drug Abuse Program while

in the Florida DOC.

The government has filed a response [34] to the motion and the court conducted a

screening hearing in the case on January 30, 2007, wherein it heard argument from the parties

concerning the motion for a temporary restraining order.  While the government denies that

plaintiff is entitled to injunctive relief, the government argues that the issue is now moot since

the relief plaintiff seeks, a transfer to a BOP facility, is presently being provided to the plaintiff.

The government informed the court in its response [34] that the transfer procedures to relocate

plaintiff to a new BOP facility were already underway. Declaration of John A. Gaither [36],

Exhibit 5.  Additionally, it appears from the record that the plaintiff has now been transferred

back to the BOP per the government's response letter [43] dated February 7, 2007.

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in

*Mississippi Power & Light Co. v. United Gas Pipe Co.*, 760 F.2d 618 (5th Cir. 1985) *citing Canal*

*Authority of State Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974).  The granting or denial of a

motion for a temporary restraining order rests in the sound discretion of the trial court.  *Canal*

*Authority of State Florida v. Callaway*, 489 F.2d at 572.  However, the movant bears the burden

of satisfying the four prerequisites for the extraordinary relief of a temporary restraining order.

---

Procedure 4(i).  However, on January 5, 2007, the court ordered the defendants to respond to the
plaintiff's motion.  The response [34] was filed, and a hearing was held via telephone on January 30,
2007.

*Id.* at 572.  The four requisites are (1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and, 4) the injunction must not have an adverse effect on the public interest. *Id.* at 572.  These requirements are not balanced, but rather each one must be met before the court can grant such a drastic remedy as a temporary restraining order.  *Mississippi Power & Light Co. v. United Gas Pipe Co.*, 760 F.2d at 621.  "In considering these prerequisites the court must bear in mind that a temporary restraining order is an *extraordinary and drastic remedy* which should not be granted unless the movant clearly carries the burden of persuasion.  The primary justification for applying this remedy is to preserve the court's ability to render a meaningful decision on the merits."  *Canal Authority of State Florida v. Callaway*, 489 F.2d at 573 (emphasis added).

It appears from the record that the primary relief requested, transfer to a BOP facility, has occurred thereby rendering plaintiff's request moot.  *Brown v. Felts*, 128 Fed. Appx. 345 (5th Cir. 2005)(transfer of prisoner to another facility rendered moot issues concerning confinement at prison from which he was transferred); *see also Herman v. Holiday,* 238 F.3d 660 (5th Cir. 2001)(transfer rendered claims for injunctive relief moot).  This court is no longer confronted with an issue that demands immediate attention and it appears that the remaining issues in this matter can be addressed on their merits in due course.

A narrow exception to the mootness doctrine occurs with "issues capable of repetition, yet evading review."  *Vieux Carre Property Owners, Residents and Assoc. v. Brown*, 948 F.2d 1436, 1447 (5th Cir. 1991).  The exception requires the showing of a demonstrated probability that the challenged conduct will be repeated and affect the same plaintiff. *Id*. at 1447 & n. 41.

3

Plaintiff has made no such showing.  Moreover, "[a]ny suggestion of relief raised on the possibility of transfer [back to prior facility] is too speculative to warrant relief."  *Herman v. Holiday,* 238 F.3d at 665.  As the plaintiff's motion for injunctive relief appears moot, the court recommends that the motion be denied.

RECOMMENDATION

Based on the foregoing, the undersigned recommends that plaintiff's Motion [9] for a Temporary Restraining Order be denied.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 14th day of February, 2007.

s/ Michael T. Parker
United States Magistrate Judge